IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

CRYSTAL DELANEY, an individual

      Plaintiff,

v.

KAPPA HOUSING., a Colorado Non-Profit Corporation, and
THYSSENKRUPP ELEVATOR CORPORATION, a Delaware Corporation

      Defendants.

---

## NOTICE OF REMOVAL

---

Defendant Thyssenkrupp Elevator Corporation ("TKE"), by and through its counsel, Conor P. Boyle of Hall & Evans, LLC, hereby gives Notice of Removal pursuant to 28 U.S.C. § 1332, *et seq.,* 28 U.S.C. § 1441, *et seq.,* and 28 U.S.C. § 1446, *et seq.*, stating as follows:

### I.  UNDERLYING FACTS

1.  Plaintiff Crystal Delaney ("Plaintiff") initiated this lawsuit against TKE and Kappa Housing, Inc. ("Kappa") in the District Court for the County of Denver, State of Colorado, by filing a Complaint on January 22, 2019. *See* Plaintiff's Complaint, attached as **Exhibit A**.  TKE was served with process on February 19, 2019 (**Exhibit B**) and filed an answer on March 12, 2019 (**Exhibit C**).  Kappa was served with process on February 14, 2019 (**Exhibit D**) and filed an answer on March 7, 2019 (**Exhibit E**).

2.      There are no pending motions or upcoming hearing dates set in the state action that is being removed.  The remainder of the pleadings and orders filed or served in Case No. 2018CV30142 are attached as **Exhibits F**, **G**, and **H** as delineated below:

F.      Civil Cover Sheet;

G.      Delay Reduction Order;

H.      Register of Actions.

3.      Plaintiff alleges that on March 27, 2017, while at a Kappa's premises in Denver, Colorado, Plaintiff attempted to step off an elevator that was not level, causing Plaintiff to fall and suffer injuries.  Plaintiff asserts a cause of action against Defendants for premises liability under C.R.S. § 13-21-115.  *See generally* Exhibit A.

## II.  JURISDICTIONAL BASIS

4.      Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this matter as it is between citizens of different states or citizens of a foreign state, and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

### a.      Diversity of Citizenship

5.      Plaintiff is a resident of Coffeeville, Kansas.  Exhibit A at ¶ 2.

6.      TKE is a foreign corporation organized under the laws of the state of Delaware, with a principal place of business at 11605 Haynes Bridge Rd, Suite 650, Alpharetta, Georgia.  *See* Colorado Secretary of State Records, attached as **Exhibit I**.  Kappa is a Colorado nonprofit corporation with a principal place of business at 2160 Downing Street, Denver, Colorado 80205.  *See* Colorado Secretary of State Records, attached as **Exhibit J**.

7.      For purposes of diversity of citizenship requirements, a corporation is deemed a "citizen of every State and foreign state in which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  Therefore, TKE is a citizen of the States of Delaware and Georgia and Kappa is a citizen of the State of Colorado. Plaintiff is a citizen of the State of Kansas.  Therefore, there is a complete diversity of citizenship between the parties for purposes of removal.  28 U.S.C. § 1441(b).

### b.      Amount in Controversy

8.      28 U.S.C. § 1446(c) provides, in relevant part:

(2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that –

(A) The notice of removal may assert the amount in controversy if the initial pleadings seeks –

(ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded;

28 U.S.C. § 1446(c)(2) and (c)(2)(A)(ii).

9.      28 U.S.C. § 1446(3) further provides that a case may be removed and the amount in controversy may be satisfied by receipt of an "other paper" from which it may be determine that the amount in controversy has been met.  28 U.S.C. § 1446(3)

10.      The United States Court of Appeals for the Tenth Circuit has held that a Colorado State Court's Civil Case Cover Sheet is an "other paper" under 28 U.S.C. § 1446(b)(3), and that a State Civil Case Cover Sheet provides the appropriate basis to support the jurisdictional amount in controversy for the purposes of removal.  *Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1273 (10th Cir. 2016).

11.     Here, Plaintiff's Complaint does not demand or state an amount of damages, but rather requests a money judgment for past and future economic losses, medical expenses, household expenses,  noneconomic damages, pain and suffering, emotional distriss and loss of enjoyment of life.  *See* Exhibit A at ¶ 32.  A plaintiff cannot defeat removal by omitting an amount in controversy from the complaint.  ***Valdez v. Byers***, No. 09-cv-00764-CMA-CBS, 2009 U.S. Dist. LEXIS 46086, at *4 (D. Colo. May 20, 2009).

12.     However, the Civil Case Cover Sheet filed with Plaintiff's State Court Complaint states that Plaintiff seeks a monetary judgment over $100,000.  *See* Exhibit F at 2.   Therefore, the amount-in-controversy requirement has been met.

### c.     Timeliness of Removal

13.     The statute governing the limitations period for removal, 28 U.S.C. § 1446(b), provides that a notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the [complaint]."  28 U.S.C. § 1446(b).  In ***Murphy Bros. Inc., v. Michetti Pipe Stringing, Inc.*** 526 U.S. 344 (1999), the United States Supreme Court clarified the statutory meaning of "through service or otherwise" and held that formal service is required before the 30-day period for removal begins to run:  "[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from the service of the summons, but not by mere receipt of the complaint unattended by any formal service."   526 U.S. at 347-48.

14.     Here, Plaintiff filed the Complaint on January 22, 2019, and TKE was formally served on February 19, 2019.  *See* Exhibit A; Exhibit B.  Pursuant to 28 U.S.C. § 1446 and ***Murphy***

*Bros. Inc.*, TKE is required to file its notice of removal on or before March 21, 2019.  Therefore, this Notice of Removal is timely.

15.     Defendant Kappa, through counsel, has consented to the removal of the State Court Action.

16.     Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, TKE will give written notice to all adverse parties and will file a copy of the notice with the Denver County District Court.

WHEREFORE, Defendant Thyssenkrupp Elevator Corporation respectfully removes this case from the District Court for the City and County of Denver, and Defendant Thyssenkrupp Elevator Corporation requests that this Court take jurisdiction of this case and enter such further orders as may be necessary and proper for the continuation of this action.

Respectfully submitted this 14th day of March 2019

HALL & EVANS, LLC

*s/ Conor P. Boyle*
Conor P. Boyle
1001 17th Street, Suite 300
Denver, CO  80202
Phone:  (303) 628-3300
Fax:  (303) 628-3368
boylec@hallevans.com
*Counsel for Defendant TKE*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of March 2019, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served on the following as noted:

| | |
|---|---|
| Geoffrey S. Gulinson, #19351 | (  ) First Class Mail |
| Rick A. Carmickle, #20742 | (  ) Hand Delivery |
| Geoffrey S. Gulinson & Associates, P.C. | (  ) Facsimile |
| 4155 East Jewell Ave. Suite 402 | (  ) Overnight Delivery |
| Denver, Colorado 80222 | (  ) Colorado E-Filing |
| T: 303-753-0037 | (  ) CM/ECF |
| F: 303-753-4599 | (X) E-Mail |
| geoff@geoffreysgulinson.com | |
| rick@geoffreysgulinson.com | |
| *Counsel for Plaintiff* | (  ) First Class Mail |
| | (  ) Hand Delivery |
| Heather A. Salg | (  ) Facsimile |
| Nathaniel S. Barker | (  ) Overnight Delivery |
| Messner Reeves LLP | (  ) Colorado E-Filing |
| 7935 East Prentice Avenue | Suite 312W | (  ) CM/ECF |
| Denver, CO 80111 | (X) E-Mail |
| T: 303.623.1800 | |
| F: 303.623.0552 | |
| hsalg@messner.com | |
| nbarker@messner.com | |
| *Counsel for Kappa Housing, Inc.* | |

*s/ Diana Ramirez*
Hall & Evans, LLC