| DISTRICT COURT, CITY & COUNTY OF DENVER<br>STATE OF COLORADO<br>1437 Bannock Street<br>Denver, Colorado 80202 | DATE FILED: January 22, 2019 10:32 AM<br>FILING ID: 815B6BE183F65<br>CASE NUMBER: 2019CV30236 |
|---|---|
| Plaintiff:<br><br>CRYSTAL DELANEY<br><br>v.<br><br>Defendant:<br><br>KAPPA HOUSING, INC., a Colorado Non-Profit Corporation and<br>THYSSENKRUPP ELEVATOR CORPORATION, a Delaware Corporation | ▲ COURT USE ONLY ▲<br><br>Case No.<br><br>Division: |
| *Attorneys for Plaintiff:*<br>Geoffrey S. Gulinson, #19351<br>Rick A. Carmickle, #20742<br>Geoffrey S. Gulinson & Associates, P.C.<br>4155 East Jewell Avenue, Suite 402<br>Denver, CO 80222<br>Phone: (303) 753-0037<br>Fax: (303) 753-4599<br>geoff@geoffreysgulinson.com<br>rick@geoffreysgulinson.com | |
| **COMPLAINT** | |

Plaintiff Chrystal Delaney (hereinafter "Plaintiff"), by and through her undersigned attorneys, Geoffrey S. Gulinson & Associates, P.C., and for her Complaint against Defendants Kappa Housing, Inc., a Colorado Non-Profit Corporation, and Thyssenkrupp Elevator Corporation, a Delaware Corporation, states and alleges as follows:

### VENUE

1. Pursuant to Rule 98(c)(1) and (5), venue is proper in the District Court of Denver County, Colorado, because the injury occurred in Denver County.

Exh A

## PARTIES AND GENERAL ALLEGATIONS

2. The Plaintiff is Crystal Delaney, who resides at 4182 County Road 2000 in Coffeeville, Kansas 67337.

3. Defendant Kappa Housing, Inc. (hereinafter Defendant "Kappa") is a Colorado Non-Profit whose registered agent is Kenneth Dean Floyd located at 2160 Downing Street, Denver, Colorado 80205. Defendant Kappa owns the Kappa Tower Apartments at this address where Plaintiff fell and was injured.

4. Defendant Thyssenkrupp Elevator Corporation (hereinafter Defendant "Thyssenkrupp") is a Delaware Corporation doing business in the State of Colorado. Defendant Thyssenkrupp has a registered agent, The Prentice-Hall Corporation System, Inc., located at 1900 W. Littleton Boulevard in Littleton, Arapahoe County, Colorado 80120.

5. Upon information and belief, Defendant Thyssenkrupp maintained and/or repaired the elevators located at the Kappa Tower Apartments where Plaintiff fell and was injured.

6. Subject matter jurisdiction is proper in this Court as the probable amount of recovery exceeds the amount required for the district court limitation pursuant to the Colorado Revised Statutes.

## FACTUAL STATEMENT

7. Plaintiff hereby affirms, alleges, and incorporates the allegations contained in the above paragraphs as though set forth fully herein.

8. On or about March 27, 2017, Plaintiff was a business "invitee" of Defendants' property known as Kappa Tower Apartments located at 2160 Downing Street in Denver, Colorado, when she fell and was injured.

9. Plaintiff was staying at the Kappa Tower Apartments with a friend, Clara Weeams, while she was searching for a home to buy in the Denver area.

10. The incident occurred when Plaintiff was riding the elevator down to the lobby. As the doors opened, she began to exit the elevator and tripped over the bottom edge of the elevator, which had stopped approximately 2" above the lobby floor.

11. As she tripped, she fell forward into an adjacent brick wall, hitting her face and head and falling onto the floor, resulting in a brief loss of consciousness.

12. Plaintiff landed primarily on her left side, specifically on her left knee, and then onto her right knee. As she regained consciousness, Plaintiff was disoriented, confused and dizzy. In addition, she was experiencing memory loss and vision changes. The fall resulted in severe pain in multiple parts of her body, including her face, head, neck, back, hip, knees,

left shoulder and left wrist. A resident of the apartment building helped Plaintiff up off the floor.

## FIRST CLAIM FOR RELIEF
*Premises Liability Against Defendants - C.R.S. § 13-21-115*

13. Plaintiff hereby affirms, alleges, and incorporates each and every allegation cited above, as though fully set forth herein.

14. At the time of the Plaintiff's incident, Defendants were "land owners" within the meaning of C.R.S. § 13-21-115(1).

15. It was Defendants' express representation that the residents of the apartment building, including visitors, were requested, expected, or intended to enter or remain upon their premises.

16. Defendants, through their employees, knew or should have known that the subject elevator was malfunctioning.

17. In fact, the apartment resident who helped Plaintiff off the floor had reported the elevator malfunction to the apartment management approximately two hours prior to this incident.

18. Defendants owed Plaintiff the duty of abating any dangerous condition caused by the elevator malfunction, and failed to place signs, cones, yellow tape or other warning devices in front of or by the elevator.

19. At the time of the incident, Defendants, as statutory or actual "landowners," were legally responsible for the condition of the real property, including the elevators, within the meaning of C.R.S. Section 13-21-115(1), and Plaintiff was an "invitee" of Defendants as she was a person who entered or remained on or near the premises to transact business in which the parties were mutually interested, within the meaning of C.R.S. § 13-21-115(c).

20. Defendants are directly or imputably liable to Plaintiff for injuries, damages, and losses sustained by Plaintiff and caused by Defendants for the unreasonable failure to exercise reasonable care to protect against dangers of which were known or should have been known pursuant to C.R.S. § 13-21-115(3).

21. Prior to and leading up to the time Plaintiff was injured, Defendants or their employees failed to exercise reasonable care to protect against dangers of which they knew or should have known.

22. Defendants failed to warn individuals, including Plaintiff, of the malfunctioning elevator by placing a warning device in front of or by the elevator.

23. Defendants had actual knowledge of the unreasonably dangerous condition and failed to take appropriate abatement measures to protect its invitees from the known dangerous condition owned by Defendants where Plaintiff was injured.

24. At the time of the subject incident, a condition existed on the premises which created an unreasonable risk of injury and/or damages to persons such as Plaintiff.

25. Defendants, through their employees, failed to use reasonable care to protect Plaintiff against the dangerous condition which existed in the subject apartment building, and this failure was the cause of Plaintiff's injuries, damages, or losses.

26. As a direct and proximate result or substantial factor of Defendants' actions and/or omissions, Plaintiff tripped and fell in the apartment lobby, hitting her face and head against a brick wall, and falling onto the floor primarily on her left side, which resulted in injury to her face, head, neck back, left hip, back, left shoulder and left wrist, as well as pain and suffering, emotional distress as a result of the subject incident, and other injuries which will be more particularly described at trial.

27. Defendants, as a direct and proximate result or substantial factor in bringing or causing Plaintiff's injuries as described above, are liable for their actions and inactions for economic damages, including medical expenses, and for non-economic damages, including, but not limited to, loss of enjoyment of life, pain and suffering and emotional distress as a result of the subject incident, all in amounts to be proven at trial.

28. Due to the injuries sustained in the subject incident, Plaintiff has treated with medical providers and has complied with medical treatment.

29. As a further direct and proximate result or substantial factor of Defendants' negligence as indicated in the paragraphs above, Plaintiff has suffered loss of enjoyment of life and impairment of the quality of life.

30. As a further direct and proximate result or substantial factor of Defendants' negligence as indicated in the paragraphs above, Plaintiff believes that she has suffered permanent impairment and/or permanent disability.

31. Plaintiff, at all times relevant hereto, was not liable for comparative-contributory negligence and she has reasonably mitigated her damages.

32. As a direct and proximate result of the negligent acts of Defendants herein, Plaintiff has suffered various injuries, damages, and losses including:

    a. Economic damages, past and future, including but not limited to, medical expenses, household expenses, and other expenses;

4

b. Non-economic damages, including but not limited to, pain and suffering, inconvenience, emotional stress, loss of enjoyment of life, and anxiety.

WHEREFORE, Plaintiff prays for the relief set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

a. Compensation for economic losses, both past and future;
b. Compensation for non-economic losses for pain and suffering, inconvenience, emotional distress, loss of enjoyment of life, and anxiety, both past and future;
c. Compensation for other expenses sustained or incurred;
d. Attorneys' fees as provided by law;
e. Pre- and post-judgment interest as provided by law;
f. Costs, including expert witness fees, as provided by law; and
g. Such further relief as the Court deems just and proper.

DATED: January 21, 2019          Respectfully submitted,

GEOFFREY S. GULINSON & ASSOCIATES, P.C.
*A duly signed original on file at the office of*
*Geoffrey S. Gulinson and Associates, P.C.*

s/ *Geoffrey S. Gulinson*
Geoffrey S. Gulinson, #19351
Attorneys for Plaintiff

Plaintiff's Address:
4182 County Road 2000
Coffeeville, Kansas 67337

5